#6945865 125254.0020

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, etc., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 02 C 0690 |
| v | ) | |
| | ) | Judge Amy J. St. Eve |
| LANDMARK ENGINEERING GROUP, INC., and | ) | |
| MICHAEL R. SHAMSIE, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ENTRY OF JUDGMENT AGAINST FIRST MIDWEST BANK**

NOW COME Plaintiffs, JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS, with ROETZEL & ANDRESS, of counsel, and, pursuant to Fed. R. Civ. P. 69 and 735 ILCS 5/2-1402(f)(1), move the Court to enter judgment against Third Party Citation Respondent, FIRST MIDWEST BANK, in the amount of $5,958.59. In support hereof, Plaintiffs state:

1. On February 27, 2004, Judgment was entered in favor of Plaintiff, JAMES T. SULLIVAN, not individually but as trustee of TECHNICAL ENGINEERING DIVISION PENSION FUND, LOCAL 130, U.A., etc., et al., and against Defendant, MICHAEL R. SHAMSIE ("Shamsie"), in the amount of $160,808.55.

2. On May 14, 2012, the judgment against Shamsie was revived. The revival order stated that the remaining principal balance on the judgment was $136,429.24 as of April 26, 2012.

See Docket No. 47.

3. On November 20, 2012, Plaintiffs caused a Citation to Discover Assets (Third Party) to be issued to FIRST MIDWEST BANK "First Midwest." The Citation was sent for service on First Midwest by certified mail (No. 7012 1010 0002 0564 4885), return receipt requested. True and correct copies of the Citation and the certified mailing receipt are attached hereto as Exhibit A.

4. Plaintiffs' attorneys did not receive a return receipt (green card) signed by Frist Midwest. However, according to the business records of the United States Postal Service, the Citation was delivered to First Midwest on November 21, 2012, at 7:40 A.M. The USPS "Track & Confirm" detail for Certified Mail No. 7012 1010 0002 0564 4885 is attached hereto as Exhibit B.

5. First Midwest completed the Citation Answer form indicating that an account belonging to Shamsie was frozen as a result of the Citation, but the account had a "zero balance." A true and correct copy of the Third Party Respondent Answer to Citation Proceedings, completed by First Midwest and dated 11/23/12, is attached hereto as Exhibit C.

6. In conjunction with the Citation, First Midwest produced statements for account number ending in 5227 in Shamsie's name. The statement dated December 31, 2012, lists two withdrawals from the account on November 21, 2012: one in the amount of $5,195.19 and one in the amount of $763.40. A true and correct copy of the December 31, 2012, statement is attached hereto as Exhibit D.

7. First Midwest also provided copies of the "Withdrawal Ticket" for each of the withdrawals dated November 21, 2012. True and correct copies of the Withdrawal Tickets dated

November 21, 2012, are attached hereto as Exhibit E.

8. Each Withdrawal Ticket indicates that the transaction was "Per Customer Request," and each provides a date and time of the transaction. The first withdrawal is time-stamped 3:45 PM, and the second is time-stamped 3:50 PM. See Exhibit E.

9. Judgment enforcement proceedings are governed by Fed. R. Civ. P. 69, which provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

10. Section 1402 of the Illinois Code of Civil Procedure sets for the procedure for judgment enforcement by means of serving a Citation to Discover Assets upon any judgment debtor or third party who is believed to be in possession of the debtor's assets. See 735 ILCS 5/2-1402.

11. 735 ILCS 5/2-1402(f)(1) provides in relevant part:

> (f)(1) The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first. . . The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

See 735 ILCS 5/2-1402(f)(1) (emphasis added).

12. The Citation issued to First Midwest contained the following prohibitions and warnings:

> **YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or from interfering with: (i) any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment belonging to Judgment Debtor; (ii) any such property to which Judgment Debtor may be entitled; and (iii) any such property that may be acquired by Judgment Debtor, until further order of the Court or termination of the proceeding.
>
> **YOU ARE PROHIBITED** from paying over or otherwise disposing of any monies not so exempt which currently are due or owed to, or which are to become due or owed to, Judgment Debtor until further order of the Court or termination of the proceeding.
>
> **THE COURT MAY PUNISH YOU FOR CONTEMPT OF COURT** if you violate the foregoing restraining provisions.

See Exhibit A, p. 2-3.

13. Withdrawals totaling $5,958.59 occurred after service of the Citation and are in violation of the Citation's prohibition against transfers.

14. Plaintiffs request that judgment be entered in their favor and against First Midwest in the amount of $5,958.59, pursuant to 735 ILCS 5/2-1402(f)(1).

WHEREFORE, Plaintiffs, JAMES T. SULLIVAN, etc., et al., request the Court to enter judgment in favor of Plaintiffs and against FIRST MIDWEST BANK in the amount of $5,958.59, and to award such further relief as this Court deems appropriate.

JAMES T. SULLIVAN, etc., at al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS

By: /s/ Brian T. Bedinghaus
Brian T. Bedinghaus
20 South Clark Street
Suite 300
Chicago, IL 60603
312-580-1269

OF COUNSEL:
ROETZEL & ANDRESS
20 South Clark Street
Suite 300
Chicago, IL 60603
312-580-1200

**PROOF OF SERVICE**

I certify that I served a copy of the foregoing MOTION FOR ENTRY OF JUDGMENT AGAINST FIRST MIDWEST BANK to be served on the following:

Michael R. Shamsie
455 Avenue of the Cities
East Moline, IL 61244

First Midwest Bank
c/o Krista Carlson
Joliet Racich Center
3800 Rock Creek Blvd.
Joliet, IL 60431

Nicole Andre
Andre & Diokno, P.C.
1043 S. York Rd, Suite 104
Bensenville, IL 60106

by placing a true and correct copy thereof in a sealed envelope addressed as aforesaid, with proper first class postage prepaid, and deposited with the U.S. Postal Service at 20 S. Clark Street, Chicago, IL on February 7, 2013.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

ELIZABETH LAWRENCE

Of Counsel:
ROETZEL & ANDRESS
20 S. Clark Street
Suite 300
Chicago, IL 60603
312.580.1200